IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>               **Plaintiff,**<br><br>      vs.<br><br>**AISHA MORGAN**<br><br>               **Defendant.** | **CASE NUMBER: 4:15CR3109-001**<br><br>**USM Number: 42503-044**<br><br>**JESSICA L. MILBURN**<br>**DEFENDANT'S ATTORNEY** |

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to count I of the Indictment on 05/04/2016.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|
| 18:1029(a)(3) and 2 Possession of counterfeit and unauthorized access devices | March 28, 2015 | I |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within fourteen (14) days of this date pursuant to Fed. R. App. P. 4.

The defendant shall cooperate in the collection of DNA, pursuant to Public Law 108-405 (Revised DNA Collection Requirements under the Justice for All Act of 2004).

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                                  Date of Imposition of Sentence:
                                                  August 10, 2016

                                                  *Richard G. Kopf*
                                                  Senior United States District Judge

                                                  August 15, 2016

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, 20____.

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the ____ day of _____, 20_____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

BY: _____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, 20_____.

_____
UNITED STATES WARDEN

BY: _____

# PROBATION

The defendant is hereby sentenced to probation for a term of **3 years to be served concurrently with the sentence imposed in USDC-Eastern District of Missouri, Case Number 4:15CR188-3.**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two period drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to 28 C.F.R. § 28.12, the DNA Fingerprint Act of 2005, and the Adam Walsh Child Protection and Safety Act of 2006, if such sample was not collected during imprisonment.

2. The defendant shall submit his or her person, residence, office, or vehicle to a search conducted by a United States Probation Officer at any time; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3. The defendant shall attend, pay for and successfully complete any diagnostic evaluations, treatment or counseling programs, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the probation officer.

4. If the defendant is unable to secure lawful employment, the defendant may be required to perform up to 20 hours of community service per week until employed. The defendant may also participate in training, counseling, daily job search, or other employment-related activities, as directed by the probation officer.

5. The defendant shall pay restitution in the amount of $13,928.28 to the Clerk of the U.S. District Court, 111 S. 18th Plaza, Suite 1152, Omaha, Nebraska 68102-1322. Restitution shall be paid in accordance with the schedule set forth in the "Schedule of Payments" set forth in this judgment. The defendant shall be responsible for providing proof of payment to the probation officer as directed.

| Victim's Name | Amount |
| --- | --- |
| PBS International A/S (Denmark) | $1,517.85 |
| Citibank Privatkunden AG and CO KGAA (Germany) | $118.45 |
| Cartasi SPA Italy | $421.99 |
| US Bank National Association ND (St Mary's CU) | $53.94 |
| FIA Card Services, NA | $341.56 |
| Fifth Third Bank | $739.39 |
| USAA Federal Savings Bank | $3,048.91 |
| PSCU Financial Services, Inc. | $276.03 |
| Tower FCU | $184.94 |
| Cuscal LTD (Australia) | $504.95 |

| | |
|---|---|
| Suntrust Bank, Inc. | $847.77 |
| Green Dot | $505.95 |
| Credito Emiliano SPA (Italy) | $505.95 |
| Banco De La Edificador De Olavarria SA (Argentina) | $505.95 |
| CU Cooperative Systems (Northwest CU) | $53.94 |
| First Data Cono Sur SRL (Argentina) | $107.88 |
| Boeing Employees CU | $107.88 |
| Chase Bank USA | $329.68 |
| Trustmark National Bank | $54.95 |
| Banco Atlantida SA (Honduras) | $792.45 |
| IBCA Bancard, Inc. | $270.49 |
| Barclays Bank Delaware | $219.80 |
| Citibank | $437.05 |
| Capital One Bank | $321.40 |
| Credit Saison Co., LTD (Japan) | $731.78 |
| GE Capital Retail Bank | $466.39 |
| Associated Bank, NA | $131.26 |
| Shazam, Inc. (Union State Bank) | $329.70 |

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 3% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

6. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without prior written approval of the probation officer.

7. The defendant shall provide the probation officer with access to any requested financial information.

8. Pursuant to 18 U.S.C. § 3563(a)(5), the defendant shall submit to a drug test within fifteen (15) days of release on probation and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance. Further, the defendant shall submit to such testing as requested by any probation officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances. Based on the defendant's ability to pay, the defendant shall pay for the collection of urine samples to be tested for the presence of alcohol or controlled substances in an amount determined by the probation officer.

9. The defendant shall report to the Supervision Unit of the U.S. Probation Office for the Northern District of Illinois between the hours of 8:00 a.m. and 4:30 p.m., 230 South Dearborn Street, Suite 3400, Chicago, Illinois, (312) 435-7596, within seventy-two (72) hours of release being placed on probation or release from confinement, and, thereafter, as directed by the probation officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100 | | $13,928.28 |

The Court has determined that the defendant does not have the ability to pay interest and it is ordered that interest requirement is waived.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $13,928.28 hereby ordered jointly and severally with co-defendant Cornesha Kelly, Case Number 4:15CR3109.  The defendant shall make restitution to the following payees in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| PBS International A/S (Denmark) Nets Denmark A/S (headquarter) P.O. 500 DK-2750 Ballerup | $1,517.85 | $1,517.85 | |
| Citibank Privatkunden AG and CO KGAA (Germany) Kasernenstraße 10 40213 Düsseldorf | $118.45 | $118.45 | |
| Cartasi SPA Italy Corso Sempione, 55 Milan, MI 20145 Italy | $421.99 | $421.99 | |
| US Bank National Association ND (St Mary's CU) 46 Lizotte Drive Marlborough, MA 01752 | $53.94 | $53.94 | |
| FIA Card Services, NA 1100 N King St Wilmington, Delaware 19884-0011 | $341.56 | $341.56 | |
| Fifth Third Bank 38 Fountain Square Plaza Cincinnati, Ohio 45263 | $739.39 | $739.39 | |
| USAA Federal Savings Bank 10750 McDermott Freeway | $3,048.91 | $3,048.91 | |
| PSCU Financial Services, Inc. 560 Carillon Pkwy, St. | $276.03 | $276.03 | |

| | | | |
|---|---|---|---|
| Petersburg, FL 33716 | | | |
| Tower FCU<br>7901 Sandy Spring Rd,<br>Laurel, MD 20707 | $184.94 | $184.94 | |
| Cuscal LTD (Australia)<br>1 Margaret Street<br>Sydney NSW 2000<br>GPO Box 4720<br>Sydney NSW 2001 | $504.95 | $504.95 | |
| Suntrust Bank, Inc.<br>303 Peachtreet St, N.E.<br>Atlanta, Georgia 30308 | $847.77 | $847.77 | |
| Green Dot<br>3465 E. Foothill Blvd.<br>Pasadena, CA 91107 | $505.95 | $505.95 | |
| Credito Emiliano SPA (Italy)<br>4 via Emilia San Pietro,<br>Reggio Emilia, Italy | $505.95 | $505.95 | |
| Banco De La Edificador De Olavarria SA (Argentina)<br>Bartolomé Mitre #326,<br>Buenos Aires, Capital Federal,<br>Argentina | $505.95 | $505.95 | |
| CU Cooperative Systems (Northwest CU)<br>9692 Haven Avenue<br>Rancho Cucamonga, CA 91730 | $53.94 | $53.94 | |
| First Data Cono Sur SRL (Argentina)<br>Peru 143<br>6º Piso<br>Buenos Aires, C1067AAC<br>Argentina | $107.88 | $107.88 | |
| Boeing Employees CU<br>12770 Gateway Drive<br>Tukwila, WA 98168 | $107.88 | $107.88 | |
| Chase Bank USA<br>270 Park Avenue<br>New York, NY 10017 | $329.68 | $329.68 | |
| Trustmark National Bank<br>248 East Capitol Street<br>Jackson, Mississippi 39201 | $54.95 | $54.95 | |
| Banco Atlantida SA (Honduras)<br>Plaza Bancatlan Blvd. Miraflores,<br>Tegucigalpa, Honduras | $792.45 | $792.45 | |
| IBCA Bancard, Inc.<br>1615 L Street NW<br>Suite 900<br>Washington, DC 20036-5610 | $270.49 | $270.49 | |
| Barclays Bank Delaware<br>100 S West St. | $219.80 | $219.80 | |

| | | | |
|---|---|---|---|
| Wilmington, DE 19801 | | | |
| Citibank<br>14700 Citicorp Dr.<br>Hagerstown, MD  21742 | $437.05 | $437.05 | |
| Capital One Bank<br>388 Greenwich Street<br>New York, NY 10013 | $321.40 | $321.40 | |
| Credit Saison Co., LTD (Japan)<br>3-1-1, Higashiikebukuro<br>Toshima-Ku, 170-0013<br>Japan | $731.78 | $731.78 | |
| GE Capital Retail Bank<br>6510 Millrock Drive<br>Salt Lake City, Utah 84121 | $466.39 | $466.39 | |
| Associated Bank, NA<br>433 Main Street<br>Green Bay, Wisconsin 54301 | $131.26 | $131.26 | |
| Shazam, Inc. (Union State Bank)<br>Union State Bank<br>1st Ave. & 20th St. N.<br>Pell City, Alabama 35125 | $329.70 | $329.70 | |
| **Totals** | **$13,928.28** | **$13,928.28** | |

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18,United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

## SCHEDULE OF PAYMENTS

The defendant shall pay the special assessment in the amount of $100.

The criminal monetary penalty is due in full on the date of the judgment.  The defendant is obligated to pay said sum immediately if he or she has the capacity to do so.  The United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and during the defendant's term of incarceration, the defendant shall participate in the Bureau of Prisons' Financial Inmate Responsibility Program.  Using such Program, the defendant shall pay 50% of the available inmate institutional funds per quarter towards the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 3% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and

continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

Any payments made on the outstanding criminal monetary penalty shall be applied in the following order of priority: special assessment; restitution; fine; and other penalties. Unless otherwise specifically ordered, all criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to the clerk of the Court. Unless otherwise specifically ordered, interest shall not accrue on the criminal monetary penalty.

All financial penalty payments are to be made to the Clerk of the U. S. District Court, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

Restitution is hereby ordered jointly and severally with co-defendant Cornesha Kelly, Case Number 4:15CR3109.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M.  LUCKS, CLERK

By _____Deputy Clerk